# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IRA R. BANKS,

        Plaintiff,

v.                                               Case No. 03-C-0811

GRAY & END, L.L.P.,

THE CHASE MANHATTAN BANK,
as Trustee of IMC Home Equity Loan
Trust 1997-4 Under the Pooling and
Servicing Agreement Dated as of
August 1, 1997, and

BNC MORTGAGE, INC.,

        Defendants.

# DECISION AND ORDER

Ira R. Banks ("Banks") has filed a lawsuit against Gray & End, L.L.P. ("Gray"), the Chase Manhattan Bank ("Chase"), and BNC Mortgage, Inc. ("BNC") (collectively "the Defendants"). Specifically, Banks alleges that the Defendants violated portions of the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA"). Because the Court finds that Banks's TILA and RESPA claims are barred by the applicable statutes of limitations, and his FDCPA claim is without merit, the Defendants' motions for summary judgment are granted, and the case

1

is dismissed in its entirety with prejudice. Furthermore, the Court denies Banks's motions for sanctions, default judgment, extended discovery, and to amend the complaint.

## BACKGROUND

On February 24, 1997, Banks and BNC executed a mortgage contract. (Compl. ¶6.) The loan was subsequently assigned to Chase. (*Id.* ¶ 3.) Several years after the loan was assigned to it, Chase decided to commence foreclosure proceedings against Banks, and retained Gray to file such proceedings. (Riley Aff. ¶ 2.) On May 8, 2003, Gray mailed Banks a letter, notifying him that Gray was in the process of beginning foreclosure proceedings against Banks on behalf of Chase's loan servicing agent, Fairbanks Capital Corporation ("Fairbanks"). (*Id.* ¶ 3, Ex. A.) The letter also specified the amount Banks owed Chase and detailed Banks's right to demand verification of the debt within thirty days of receiving the letter. (*Id.* ¶ 3, Ex. A.) Banks never demanded verification of the debt within thirty days of the May 8, 2003 letter. (*Id.* ¶ 7.) On May 14, 2003, Gray filed a foreclosure action against Banks in Milwaukee County Circuit Court. (*Id.* ¶ 8, Ex. B.)

On August 26, 2003, Banks filed the instant federal action against BNC, Chase, and Gray, alleging various violations of the FDCPA, TILA, and RESPA. Gray and Banks responded with motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Chase likewise filed a Rule 12(b)(6) motion to dismiss, and also filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(5) for insufficient service of process. The Court, by Order of September 10, 2004, converted the Rule 12(b)(6) motions to Rule 56

2

motions for summary judgment.

On October 8, 2004, Banks filed three additional motions. He filed a "Motion for Discovery Pursuant to Rule 34. Production of Documents." He also filed a motion for sanctions against Gray and Michael Riley, an attorney at Gray, and a motion for default judgment against Chase.

**DISCUSSION**

I.     Gray's Motion for Summary Judgment

Banks alleges in his complaint that Gray violated the Fair Debt Collection Practices Act ("FDCPA") by stating that it could commence foreclosure proceedings less than thirty days after it sent Banks written notice of his default. (Compl. ¶ 5.) Banks's allegation is unsupportable. The FDCPA requires debt collectors to inform debtors of their rights under 15 U.S.C. § 1692g, including the debtors' right to dispute the validity of the debt within thirty days of receiving notice. 15 U.S.C. § 1692g(a). This thirty-day validation period, though, is not a grace period, as the debt collector is free to pursue collection efforts, including appropriate foreclosure proceedings, within the thirty-day validation period. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005). In other words, during the thirty-day validation period, "the debtor's right to dispute coexists with the debt collector's right to collect." *Id.*

In the instant case, Gray complied perfectly with the provisions of the FDCPA. On May 8, 2003, Gray sent Banks a letter notifying Banks of the debt he owed, and his legal

3

rights under the FDCPA. (Riley Aff. ¶ 3, Ex. A.) Gray communicated to Banks that he had thirty days to dispute the validity of the debt, and accurately stated that federal law allowed Gray to file suit against Banks for the unpaid debt before the end of the thirty-day validation period. (*Id.* ¶ 3, Ex. A.) On May 14, 2003, Gray exercised its right to do just that, by filing a foreclosure action against Banks in Milwaukee County Circuit Court. (*Id.* ¶ 8, Ex. B.)

It is also possible to construe Banks's complaint as claiming that Gray's May 8, 2003 letter was misleading and confusing, in violation of 15 U.S.C. § 1692e. (Compl. ¶ 5). Indeed, telling the debtor that he has a right to dispute, while simultaneously telling the debtor that he must pay the debt, could possibly be confusing, particularly when viewed, as we must view it, from the perspective of the so-called "unsophisticated debtor." *Durkin*, 406 F.3d at 416. Recognizing the potential for confusion, the Court of Appeals for the Seventh Circuit offered safe-harbor language that debt collectors should use to explain the coexistence of the right to dispute and the right to collect during the thirty-day validation period. *See Bartlett v. Heibl*, 128 F.3d 497, 501-02 (7th Cir. 1997). Here, Gray wisely chose to craft its letter almost word for word according to the safe-harbor language suggested by the Seventh Circuit. *Compare* (Riley Aff. ¶ 3, Ex. A) *with Bartlett*, 128 F.3d at 501-02. Banks's allegation that Gray's May 8, 2003 letter was confusing, therefore, is not viable.

II.     BNC's and Chase's Motions for Summary Judgment

Banks alleged that BNC and Chase violated TILA and RESPA by providing Banks

4

with inconsistent information regarding his mortgage. (Compl. ¶¶ 1, 6, 10, 11, 12.) Banks claims two inconsistencies. First, BNC's TILA disclosure of February 5, 1997, listed various figures for the amount financed, the annual percentage rate, the finance charge, and the total number of payments. Each of these amounts, allegedly, are different than those provided by BNC to Banks on its February 24, 1997 TILA disclosure. Second, Banks alleges that the $40,775.99 that was listed as the amount financed on the February 24, 1997 TILA disclosure differed from the principle of $42,000 listed in the February 24, 1997 mortgage contract. For these alleged violations, Banks seeks recision of the mortgage contract and the maximum allowable damages.

Banks's TILA and RESPA claims are time-barred and must be dismissed. TILA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). RESPA claims must be brought within one or three years of "the date of the occurrence of the violation," depending on the nature of the offense. 12 U.S.C. § 2614. A violation of both TILA and RESPA occurs "when the new credit transaction is 'consummated,' or when credit is extended." *Nash v. First Fin. Sav. & Loan Ass'n*, 703 F.2d 233, 238 (7th Cir. 1983). *See also Mullinax v. Radian Guaranty, Inc.*, 199 F. Supp.2d 311, 325 (D.C.N.C. 2002).

In the instant case, the credit was extended on February 24, 1997, when BNC and Banks executed the mortgage contract. (Riley Aff. ¶ 8, Ex. B.) Banks filed his complaint on August 26, 2003, over six years after the statute of limitations began to run. Hence,

5

Banks's TILA and RESPA claims against BNC and Chase must be dismissed.[1]

III.   Banks's "Motion for Discovery Pursuant to Rule 34. Production of Documents."

On October 8, 2004, Banks submitted a "Motion for Discovery Pursuant to Federal Rule 34. Production of Documents." It is difficult for the Court to decipher exactly what Banks is seeking. The motion could be construed as a request for further discovery. Further discovery in this action, though, is not necessary as all of Banks claims are either without merit or time-barred, as explained above.

Banks's motion also could be construed as a motion to amend his complaint. However, Banks does not indicate specifically in what ways he would like to amend his complaint, nor does he attach the proposed amended complaint to his motion, which he must do under Civil Local Rule 15.1 (E.D. Wis.). Thus, the Court must deny Banks's motion to amend his complaint as well.

IV.   Banks's Motion for Sanctions against Gray and Riley

On October 8, 2004, Banks filed a motion for sanctions against Michael Riley and his law firm Gray. Banks alleges that Riley and Gray violated General Local Rule 83.9 (E.D. Wis.) by failing to file certificates of interest for both Gray, and Gray's client, Chase.

A certificate of interest "must be served and filed with the appearance of the party or

---

[1] Chase's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(5), claiming an insufficiency of service of process, is thus denied as moot because of the Court's determination that Banks's claims against Chase are time-barred. *See Saniat v. City of Chicago*, 1998 WL 748399, at *4 (N.D. Ill. 1998) ("the Court denies the motion to dismiss on insufficiency of service of process as moot because the Court has already determined that Saniat's claims against them are barred by the statute of limitations.").

6

attorney or upon the first filing of any paper on behalf of the party, whichever comes first." General L.R. 83.9(b) (E.D. Wis.). The parties and their attorneys have not yet appeared before the Court. Thus, Gray could have violated Local Rule 83.9 only by (1) failing to submit a certificate of interest for Chase along with the first filing on Chase's behalf, or (2) failing to submit a certificate of interest for itself along with the first filing on its behalf.

The first paper filed on behalf of Chase was a March 1, 2004 motion to dismiss. Contrary to Banks's allegation, Gray and Riley submitted a certificate of interest for Chase with that motion. Therefore, Gray and Riley did not violate General Local Rule 83.9 in their representation of Chase.

However, Gray did violate Rule 83.9 in its representation of itself. Gray filed its first paper on behalf of itself on November 3, 2003. Gray's certificate of interest, though, was filed four months later, on March 1, 2004. Thus, Gray violated Local Rule 83.9. The Court does not believe this violation, though, merits any sanctions.

While the Court has not found any precedent for sanctions in this context, there are several principles that guide its decision. Local rules exist to aid the district courts in the conduct of its business. *See, e.g., Frazier v. Heebe,* 482 U.S. 641, 645 (1987). Sanctions "are to be proportioned to the severity of the wrong being punished." *Goss Graphics Sys. Inc. v. DEV Indus. Inc.*, 267 F.3d 624, 627 (7th Cir. 2001). For example, in the context of Federal Rule of Civil Procedure 11, the aim of sanctions is to deter. *See Cooter & Gell v. Harmax Corp.*, 496 U.S. 384, 393 (1990). In the context of Federal Rule of Civil Procedure

7

37, harm to the other party is a consideration in determining whether to sanction the offending party. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004).

Applying these principles to the instant case, the Court denies Banks's motion to impose sanctions. Gray did not have motive for its delays, because it does not have ties to the Court that would urge recusal. Furthermore, Gray's omission did not harm Banks, and he does not allege that it did. Gray's failure to timely adhere to this Court's local rules did not affect the orderly administration of justice or the progression of this case. To sanction Gray, on these facts, would be to hold form over substance. Therefore, Banks's motion for sanctions is denied.

V. Banks's Motion for Default Judgment Against Chase

Banks also filed a motion for default judgment against Chase, alleging that Chase failed to timely answer the summons and complaint. This motion, likewise, must be denied. A defendant must be properly served with process before a default judgment may be entered against him. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). In the instant case, Chase was never properly served.

On October 20, 2003, Chase's loan officer received Banks's request to waive service of process. (Tolman Aff. ¶ 6.) Chase's loan officer declined to waive such service, and states that Banks never served Chase with formal process within the 120 days required by Federal Rule of Civil Procedure 4(m). (*Id.* ¶¶ 14-15.) The only material submitted by Banks is his letter documenting that he sent Chase's loan officer a request for waiver of service.

8

Banks does not offer any evidence that he took any steps to serve process on Chase after Chase refused the waiver. The Court, therefore, must deny Banks's motion for a default judgment against Chase because Banks has not met his burden of demonstrating that he ever properly served Chase.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Gray & End, L.L.P's Motion for Summary Judgment is **GRANTED**.

BNC Mortgage, Inc.'s Motion for Summary Judgment is **GRANTED**.

The Chase Manhattan Bank's Motion for Summary Judgment is **GRANTED**.

Ira Banks's "Motion for Discovery Pursuant to Rule 34" (Docket # 45) is **DENIED**.

Ira Banks's "Motion for Sanction Against Michael Riley and Gray & End" (Docket # 46) is **DENIED**.

Ira Banks's "Motion for Sanction Judgement of Default" (Docket # 44) is **DENIED**.

Ira Banks's case against Gray & End, L.L.P, BNC Mortgage, Inc., and the Chase Manhattan Bank is **DISMISSED** with prejudice.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 8th day of September, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**