**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

IRA R. BANKS,

        **Plaintiff,**

v.                                                       **Case No. 03-C-0811**

**GRAY & END, L.L.P.,**

**THE CHASE MANHATTAN BANK,**
 **as Trustee of IMC Home Equity Loan
 Trust 1997-4 Under the Pooling and
 Servicing Agreement Dated as of
 August 1, 1997, and**

**BNC MORTGAGE, INC.,**

        **Defendants.**

## DECISION AND ORDER

On September 8, 2005, the Court denied Ira Banks's ("Banks") motion for summary judgment, granted the Defendants' motions for summary judgment, and closed the case. Now, Banks has filed a motion for reconsideration, pursuant to Rule 60 of the Federal Rules of Civil Procedure, arguing that the Court should vacate its Order of September 8, 2005, because (1) he was denied an opportunity to be heard, and (2) his claim is subject to a class action lawsuit in the federal district court of Massachusetts. Banks also filed a motion for a preliminary injunction asking the Court to prevent the foreclosure of his home that

allegedly is scheduled to occur on November 28, 2005. Given that Banks is a *pro se* litigant, and given that his home allegedly is going to be foreclosed in less than two weeks, the Court will construe his preliminary injunction as a motion for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

First, the Court addresses Banks's motion for reconsideration. Banks alleges that he was not given an opportunity to be heard because his motion for a hearing was not granted. Such a claim is meritless. Banks's opportunities to be heard were aplenty, as he filed numerous motions before the Court, all of which the Court considered and decided upon.

Banks also argues that the Court should vacate its Order of September 8, 2005, because Banks's claim is subject to a class action lawsuit in the federal district court of Massachusetts. However, in that class action suit, the defendant is Fairbanks Capital Corporation, who is not a party to this action. In addition, the proposed class action settlement would entitle Banks to monetary damages, not an injunction preventing foreclosure of his property. Accordingly, Banks's motion for reconsideration is without merit and is denied.

Banks's temporary restraining order, likewise, must be denied. In order for the Court to grant a temporary restraining order, the Court must find, at least, that the plaintiff has a reasonable likelihood of success on the merits. *See Plummer v. Am. Inst. of Certified Public Accountants*, 97 F.3d 220, 229 (7th Cir. 1996). Here, the Court has already ruled on the merits of Banks's claims in its Order of September 8, 2005. The Court's Order has *res judicata* effect, and thus, makes Banks's motion for a temporary restraining order meritless.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Ira Banks's "Motion for Preliminary Injunction" (Docket # 53) is **DENIED.**

Ira Banks's "Motion to Rescind Both 9/8/05 Orders" (Docket #54) is **DENIED.**

Dated at Milwaukee, Wisconsin this 21st day of November, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**